UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SKF USA INC, ) | CASE NO.  1:10-cv-1548 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | NANCY A. VECCHIARELLI |
| ) | |
| HELMUT ZARWASCH-WEISS, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | Doc. No. 114 |

This case is before the magistrate judge on consent.  Before the court is the motion of defendants,  Helmut Zarwasch-Weiss ("Zarwasch") and Heza Seal, L.L.C. ("Heza"), for a clarification of the court's order in its Memorandum of Opinion of February 3, 2011 ("Memorandum").  Doc. No. 114.  Plaintiff, SKF USA, Inc. ("SKF USA"), opposes the construction of the court's order urged by defendants' motion.  Doc. No. 120.  For the reasons described below, the court rejects defendants' construction of the court's order.

In its Memorandum, Doc. No. 106, the court issued the following order:  "Until August 4, 2012, defendants may not engage in business relations of any kind with any entity on SKF Economos's customer list."  Defendants acknowledge that the court's order clearly prohibits them from selling seals to the 1,262 entities listed on SKF Economos's customer list.  Pl. Trial Exh. 193A.  Defendants seek clarification, however,

as to whether that order also prohibits them from purchasing materials from any entity on that list.  In seeking clarification, defendants make the following representations:

1. Some of the entities on the customer list supply materials to Heza.

2. These include Heza's two main suppliers, Machine in Motion, Inc. ("MIM") and Leeco Industrial Plastics, Inc. ("Leeco"), and most of Heza's other suppliers.

3. In particular, MIM distributes DMH materials, which is the type of materials Heza uses in conjunction with its DMH software and DMH machines.

4. MIM is the only supplier of DMH materials in North America, and Heza cannot afford the time and expense involved in shipping DMH materials from Europe.

5. Leeco is the only entity in the United States that supplies custom seals in the oversized diameters Heza requires.

6. The number of material suppliers in the machined-seal industry in the United States is limited.

7. SKF has notified by mail entities not on the SKF Customer List that they could not do business with Zarwasch or Heza pursuant to this court's order.  SKF admits that such notifications were mistakenly sent to some entities.

8. If Heza is unable to buy from suppliers on the customer list, particularly MIM and Leeco, it will be unable to manufacture seals, thus preventing it from selling to anyone rather than only the entities on the SKF Economos customer list.

Defendants support the above assertions largely by way of the Affidavit of Helmut Zarwasch-Weiss ("Zarwasch"), attached to Defendants' Motion.  Defendants contend that if they are unable to buy supplies from entities on the SKF Economos customer list, they will not be able to do business.  They move, therefore, that the court's order be interpreted to mean that defendants are prohibited from selling seals to the entities on SKF Economos's customer list but not prohibited from buying materials from them.

SKF USA denies that defendants will be unable to do business if they are prohibited from selling to or buying from any entity on SKF Economos's customer list.  SKF USA makes the following assertions:

1. Heza's DMH machines do not need DMH materials from MIM to operate.

2. Heza already uses non-DMH polyurethane materials in its production.

3. Heza can buy non-DMH polyurethane materials from PU1 Tec, Sealmaster, and DMH directly and has already bought large quantities of such materials from PU1 Tech.

4. The large diameter seals that Heza requires are available from vendors not on the customer list.

SKF USA provides the sworn statement of Thomas T.S. Schwarz ("Schwartz"), who has a Ph.D. in Plastics Engineering and Science and is knowledgeable about the seal manufacturing industry and DMH machines and materials in particular, in support of assertions 1, 2, and 3.  Statement of Schwartz, Plaintiff's Opposition, Exh. B.  It also provides the sworn statement of Bart G. Bartholomew in support of assertions 2, 3, and 4.  Declaration of Bartholomew, Plaintiff's Opposition, Exh. A and attachments.

The court has no intention of putting defendants out of business by preventing

them from purchasing supplies.  Nevertheless, the court is unpersuaded by Zarwasch's conclusory affidavit that there are only two readily-available suppliers when the affidavit is contradicted by specific factual evidence to the contrary.  Consequently, in light of the evidence provided by SKF USA, the court finds that defendants have failed to show that they would be prevented from doing business if they are prohibited from selling to *or buying from* any entity on SKF Economos's customer list.  The court, therefore, clarifies its earlier order that prohibits defendants from both selling to and buying from any entity on the SKF Economos customer list.

    **IT IS SO ORDERED.**


Date:  April 19, 2011                      s/ *Nancy A. Vecchiarelli*
                                          NANCY A. VECCHIARELLI
                                          UNITED STATES MAGISTRATE JUDGE